UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ANTIA GARCÍA-OCASIO,

Claimant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Respondent.

Civil No. 08-2311 (JAF)

**OPINION AND ORDER**

Claimant, Antia García-Ocasio, petitions this court under 42 U.S.C. § 405 (g) to review the decision of Respondent, Commissioner of Social Security ("Commissioner"), denying the payment of disability benefits to Claimant. (Docket No. 2.) Commissioner opposes the petition. (Docket No. 9.)

**I.**

**Factual and Procedural Synopsis**

**A. Relevant Medical Record**

The following facts are derived from the parties' filings (Docket Nos. 1; 2; 7; 9) and the record in this case ("R") (Docket No. 2). Claimant, a high-school graduate, was born on April 18, 1953, and worked as an office secretary. She left her job on December 29, 2000.

Claimant suffered from a combination of impairments, including right-arm bursitis, tendinitis, osteoarthritis, disc bulge, a herniated disk, lumbar muscle spasms, fibromyalgia, and a major depressive disorder. Dr. Ana H. Martínez, a rheumatologist, evaluated

Claimant on June 18, 2003, after complaints of multiple joint pain. (R. at 56-59.) On February 6, 2004, Dr. William Matos examined Claimant after she complained about morning stiffness, as well as joint pain. (R. at 67-70.) Dr. Sánchez performed an assessment of Claimant's physical residual functioning capacity ("RFC") in March 2004. (R. at 92-99.) Dr. Sánchez concluded that Claimant could lift twenty-five pounds frequently and fifty pounds occasionally; stand and walk for six hours in an eight-hour workday; and sit for about six hours in an eight-hour workday. (R. at 93.) Furthermore, Claimant could climb stairs and ramps, balance and kneel, and could occasionally stoop, crouch, or crawl. (R. at 94.) Claimant continued to see Dr. Martínez for the next several years. On August 17, 2007, Claimant visited Dr. David A. Flores, a psychiatrist, for anxiety and depression. (R. at 120.) Claimant continued to visit Dr. Flores for a total of ten times, the last on March 8, 2006. Dr. Flores found Claimant in a state of severe depression. (R. at 127.) Furthermore, he stated that Claimant had a very poor prognosis and could not return to work. (R. at 259-262.)

**B. <u>Procedural Summary</u>**

Claimant filed a Disability Insurance Benefits application on August 13, 2003, alleging disability beginning December 29, 2002. It was denied initially on March 16, 2004, and upon reconsideration on July 22, 2004. Afterwards, on March 27, 2006, a hearing ("ALJ hearing") was held before Administrative Law Judge ("ALJ") Gilbert Rodríguez. Claimant, who was represented by counsel, testified at

the hearing. (R. at 264-281.) On June 28, 2006, ALJ Rodríguez issued a decision in which he concluded that Claimant did not engage in substantial gainful activity during the period from her alleged onset date of December 29, 2002, through her date last insured of December 31, 2005. (R. at 36.) The ALJ concluded that Claimant was not under a disability because she had the RFC to perform a range of medium-level work that did not require dealing with the public and avoided frequent stooping, crouching, and crawling and concentrated exposure to vibration. (R. at 31-42.) Thus, the ALJ determined Claimant could perform her past work as a secretary.

The Appeals Council reviewed the ALJ's decision and remanded on the issue of the duration and severity of Claimant's depression. (R. at 16.) The ALJ held a second hearing on January 22, 2008, in which Claimant testified once again. (R. at 282-311.) In addition, Carmen Margarita Valladares, a vocational expert, furnished testimony. In his second decision of April 25, 2008, the ALJ concluded that Claimant has not been disabled through December 31, 2005, the last day she qualified for the disability insured status. (R. at 30.) The ALJ opined that Claimant's RFC did not allow her to perform her past relevant work, but she, nevertheless, had the RFC to perform jobs that existed in significant numbers in the national economy. (R. at 30.)

On September 24, 2008, the Appeals Council denied Claimant's request to review the ALJ's second decision. (R. at 4-8.) On November 13, 2008, Claimant filed the present petition seeking review

of the ALJ's second decision. (Docket No. 2.) Commissioner filed a memorandum of law on May 14, 2009. (Docket No. 9.) Claimant has not replied.

**II.**

**Standard of Review**

Under the Social Security Act ("the Act"), an individual is disabled if she is unable to do her prior work or, "considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. 423 (d). The Act provides that "the findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support the conclusion." Irlanda-Ortíz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).

Commissioner's decision must be upheld if we determine that substantial evidence supports the ALJ's findings, even if we would have reached a different conclusion had we reviewed the evidence de novo. Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981). When reviewing a denial of benefits, the ALJ must consider all evidence contained in the record. 20 C.F.R. § 404.1520(a)(3). Matters pertaining to credibility and "conflicts in the evidence . . . are for the ALJ, rather than the courts to resolve." Evangelista v. Sec'y of Health & Human Servs., 826 F.3d 31,

35 (1st Cir. 1987). The ALJ may be reversed only if we find that he arrived at the decision "by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 72 F.3d 31, 35 (1st Cir. 1999). Review of denial of Social Security disability benefits is limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence.

**III.**

**Analysis**

**A. Physical Impairments**

The record reflects that the ALJ weighed the objective findings from multiple physicians and several laboratory findings of Claimant's physical condition against the severity requirements under the Act. (R. at 23-26.) The ALJ concluded that Claimant's physical problems did not satisfy the level of severity required under the Act. As it appears that the ALJ's evaluation of Claimant's physical RFC took into consideration all medical evidence, we find that the ALJ's assessment of Claimant's physical impairments is supported by substantial evidence.

**B. Mental Impairments**

We similarly analyze the ALJ's method in assessing Claimant's alleged mental impairment. We consider whether the ALJ properly concluded that Claimant was not mentally disabled based on the evidence in the record. (R. at 24.) An ALJ is not qualified to assess the claimant's RFC based on bare medical findings, as such are

unintelligible to laypersons. Berríos López v. Sec'y of Health & Human Servs., 951 F.2d 427, 430 (1st Cir. 1991).

The record reveals that Dr. Flores, a psychiatrist, examined Claimant with regard to her alleged mental symptoms. (R. at 24.) Claimant saw Dr. Flores a total of seven times between August 17, 2005, and the last date she was insured, December 31, 2005. In his findings, Dr. Flores concluded that "due to her anhedonia, poor modification and severe cognitive deterioration, [Claimant] would not be able to perform a single hour of normal uninterrupted work. She does not persist in her goals and continues to be totally disabled to work in any type of remunerated task." (R. at 123.) Furthermore, the vocational expert's testimony that a person under Claimant's mental condition "could not do any work in our the national economy" (R. at 310) supports this conclusion.

Dr. Flores first examined Claimant on August 17, 2005, which was within the relevant disability period from December 29, 2002, to December 31, 2005. Upon examining the record, we find no evidence to contradict Dr. Flores' psychiatric assessments. More importantly, we fail to find any other mental or psychiatric evaluations at all. In his second opinion, the ALJ even acknowledged that Claimant "has not received any prior psychiatric treatment nor has she alleged any psychiatric symptoms prior to this date." (R. at 24.) Because Dr. Flores' medical evaluation constitutes Claimant's sole mental evaluation in the record, this unique assessment must be taken into consideration. Indeed, Dr. Martínez, a rheumatologist, referred

Claimant to Dr. Flores precisely because she suspected depression in Claimant. (R. at 277).

Turning to the merits, while ALJ Rodríguez asserted that this particular psychiatric evaluation is "in conflict with and not well-supported in severity to the preponderance of the medical or other evidence record" (R. at 28), we believe that such judgment is erroneous. The record contains only a single instance in which a treating medical doctor, Dr. Flores, examined Claimant for the exclusive purpose of assessing her psychiatric condition. (R. at 120-23.) Without evidence to contradict Dr. Flores' findings, his findings must not be brushed aside. The ALJ may not ignore or fabricate evidence. Therefore, we do not find substantial evidence in the record to support the ALJ's determination that Claimant lacks a mental impairment which would severely limit her non-exertional abilities to work.

The record does not reveal the exact date on which Dr. Martínez referred Claimant to Dr. Flores. Meanwhile, the record does reflect that Dr. Flores first examined Claimant on August 17, 2005. Since Dr. Martínez examined Claimant for the first time on June 18, 2003 (R. at 56), the referral, and the onset of Claimant's alleged depression, must have taken place at some point between June 18, 2003, and August 17, 2005.

For the aforementioned reasons, we find that the ALJ's mental disability determination for the period from December 29, 2002, ending December 31, 2005, lacks basis in substantial evidence. See 42

U.S.C. § 405(g). When an ALJ’s evaluation falls short of evidentiary support, the standard remedy is to remand for further consideration of relevant medical records. See Seavy v. Barnhart, 276 F.3d 1, 12-13 (1st Cir. 2001) (noting that two avenues for remand exist under the fourth and sixth sentences of 42 U.S.C § 405(g)).

**IV.**

**Conclusion**

In view of the foregoing, we hereby **AFFIRM IN PART** the Commissioner’s determination with respect to Claimant’s physical impairments. We **GRANT** Claimant’s petition (Docket No. 2) and **REMAND** the case to Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), but only with respect to Claimant’s mental condition subsequent to June 17, 2003, and prior to the last insured date of December 31, 2005.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of November, 2009.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge